## Zearfoss *v.* Farmers & Mechanics Institute of Northampton County, Appellant.

## Richards *v.* Same.

*Corporations—Contracts made by de facto officers.*

A corporation may act by means of officers de facto as fully and effectually as regards the public and third persons as by officers de jure, in all matters within the scope of the corporation's ordinary business ; and there is no distinction in this respect between de facto officers of public corporations, and de facto officers of private corporations.

Directors of a corporation were ousted from their office by a decree of the court upon the ground of the illegality of their election. During the time they acted as directors they had control of the books of the company and of its property, real and personal. They made contracts for the erection of a building for a fair held under the auspices of the company, and offered premiums to exhibitors. *Held*, that the corporation was liable on the contracts and for the premiums.

Argued March 7, 1893. Appeals, Nos. 424 and 425, Jan T., 1892, by plaintiffs, Zearfoss & Hilliard and Henry B. Richards, from judgment of C. P. Northampton Co., Oct. T., 1889, Nos. 50 and 63, on case tried by the court without a jury, under act of April 22, 1874. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and THOMPSON, JJ.

Assumpsit for premium at agricultural fair, etc.

The case was tried by REEDER, J., without a jury, who found the following facts : Defendant was an agricultural society incorporated in 1856. At the annual election held in 1887, a contest arose between two factions of the corporation which resulted in a writ of quo warranto being issued to determine the validity of the title of certain directors who claimed to be directors of the corporation. In January, 1888, pending the decision of this controversy, another corporate election was held at which there was a second contest and a second writ of quo warranto was issued to test the right of the parties claiming to have been elected at this election. On Aug. 16, 1888, the court of common pleas entered a decree in the first suit deciding that the defendants in the quo warranto proceedings had no valid title to their seats as claimed. In October, 1888, the second writ was tried and a similar result followed, both cases being subsequently affirmed by the Supreme Court, as Com. v. Detwiller, 131 Pa. 614.

The court further found as follows :

" While the board of directors, which was afterwards declared to be illegally constituted, were in possession of the books and property of the corporation, they made certain alterations and additions to the buildings and ground for the purpose of holding the fair in September, 1888. They also offered premiums to be contested for at the same fair. The suits of H. B. Richards, Isaac Moses and P. A. Schafer, now under consideration by this court, are for premiums which they contended for and which were awarded to them. The suits of E. B. Mack, C. Gebhardt, Horn, Steinmetz & Co., Steinmetz & Zearfoss and Zearfoss & Hilliard, are for materials furnished for the permanent benefit and improvement of the ground, or for the temporary purpose of holding the said fair.

" That on August 29, 1888, the relators in the two quo warranto suits, who were declared by the opinion of the court to be the legally elected directors, met and organized. Shortly after, they demanded from the other board the books of the corporation, which were refused.

" The board of directors, of which the defendants in the quo warranto suit formed a part, held the possession of the books of the corporation and the custody and control of its property,

both personal and real.  It was under their direction and management that the fair was held and all purchases made for the purpose of holding the fair.  They had custody also of all moneys paid as entrance fees as well as all moneys received for admission.  The premiums for which the plaintiffs, in some of these suits, seek to recover, were premiums offered by this board of directors, and the work done and materials furnished by the other plaintiffs was for work and materials ordered by the board having the control of the corporation's property, moneys and accounts, either for the purpose of this fair or immediately before this fair, for the permanent improvement of the corporation's property.

" All the goods and labor ordered were ordered by the de facto board after the decision of this court ousting the directors elected in January, 1887, and before any appeal was entered from the decisions of the court below.  It appears nowhere in the testimony that any corporate action was taken authorizing contracts except for premiums, nor that any subsequent formal action was taken by the de facto board at any meeting of said board ratifying the acts of the individual directors in ordering them.

" These facts, as the court finds them, apply equally to each one of the cases under consideration.  There are some facts, however, which apply only to each one of the cases, which we will have to find for that case under the testimony separately.

" Henry B. Richards : The court finds in the case of Henry B. Richards, that he made an exhibit of cattle at the fair and that he paid an entrance fee of an amount between $12.00 and $15.00 ; that the cattle were there during the entire exhibition ; that he was informed by the treasurer and secretary of the board of directors holding the fair that he was awarded premiums to the amount of $64.75 ; and that, in fact, he was awarded premiums to the amount of $64.75 ; that said Henry B. Richards was a stockholder in the said defendant corporation and had been for ten or twelve years prior to the holding of the fair ; that he voted at the election held by the defendant corporation for directors of the same, and that there is no evidence that he knew of any proceedings pending to oust any members of the board.  His own testimony contradicts any such contention, where he declares that he did not know of any such proceed-

ings prior to the time of the holding of the fair, to the best of his recollection.

" Zearfoss & Hilliard : The plaintiffs are a firm engaged in the manufacture of sawing and selling lumber in the city of Easton. Their claim is for lumber delivered to the defendant corpora-. tion from August 15 to Sept 15, 1888, and amounts to $195.02. This lumber was delivered on the property of the defendant corporation and was used in the construction of new buildings upon their property. The materials were furnished upon the order of Mr. James A. Edelman, one of the members of the de facto, or acting, board of directors. Part of this bill was furnished before the organization of the legal board and before the decree of the court ousting any of the members of the de facto or acting board, and part was furnished afterwards. The plaintiffs had notice, prior to the furnishing of any items of the bill, that there was a litigation pending for the purpose of determining the right of the acting or de facto board to act as directors of the defendant corporation. The materials were retained as the property of the defendant corporation after the de facto or acting board were ousted and the de jure board installed, and were in possession of the defendant corporation at the time of the bringing of this suit, and are so still."

The court directed judgment to be entered in favor of plaintiffs in both cases, on the authority of the cases cited in the opinion of the Supreme Court. Appellant excepted to the entry of above judgment. Exception overruled.

*Error assigned* was (3) overruling exception, quoting it.

*Edward J. Fox,* for appellant.—Riddle v. Bedford Co., 7 S. & R. 392, and Baird v. Bank, 11 S. & R. 411, were decided on the authority of English cases, but the English cases were all concerning public corporations. The later Pennsylvania cases rely upon these earlier ones. The reason for the rule was to protect the public : State v. Carroll, 38 Conn. 449. Directors in private corporations are merely agents: Morawetz, §§ 513, 581, 640 ; Story on Agency, § 212 ; Dispatch Line v. Bellamy Mfg., 12 N. H. 223 ; Johnston v. Jones, 23 N. J. Eq. 216.

Conceding for the purpose of argument that the persons who claimed to be directors could in law bind the corporation, yet

they could only do so in accordance with the general principles governing the conduct of the affairs of the corporation: Workhouse v. Moore, 95 Pa. 408; Fisher v. Gas Co., 1 Pearson, 118; Morawetz, § 541; Rittenhouse's Est., 140 Pa. 172; Young v. Corp. of Leamington, 8 Q. B. Div. 579, L. R.

*Orrin Serfass, Aaron Goldsmith, H. J. Steele, John C. Merrill* and *Russell C. Stewart,* for appellees, not heard, cited: Com. v. Detwiller, 131 Pa. 614; Baird v. Bank, 11 S. & R. 413; Dispatch Line v. Bellamy Mfg. Co., 12 N. H. 223; McGargell v. Hazleton Coal Co., 4 W. & S. 424; Gregg Township v. Jamison, 55 Pa. 473; Mahoney Mining Co. v. Anglo-Californian Bank, 104 U. S. 192; Bank v. Dandridge, 12 Wheat. 67; Riddle v. Bedford Co., 7 S. & R. 392; Savage, Receiver, v. Ball, 17 N. J. Eq. 145; Hackensack Water Co. v. DeKay, 36 N. J. Eq. 548; Doremus v. Dutch Reformed Church, 3 N. J. Eq. 332; Salt Lake City v. Hollister, 118 U. S. 256; 1 Parsons on Contracts, *139; Bank of Columbia v. Patterson, 7 Cranch, 299; D. & H. Canal Co. v. Pa. Coal Co., 21 Pa. 146; LaRue v. Gilkyson, 4 Pa. 375; Elliot v. Ince, 7 De G. M. & G. 475.

## RICHARDS v. INSTITUTE.

PER CURIAM, March 20, 1893:

In accordance with provisions of the act of April 22, 1874, the parties dispensed with trial by jury and submitted the decision of their case to the court.

The findings of fact are clearly stated in the opinion of the learned trial judge, and their correctness is not challenged by any of the specifications of error. The latter are all directed exclusively to some of his conclusions of law. Among other things, he found that the acting, or de facto directors, had possession of the books of the corporation defendant, and control of its property, real and personal. Under their management and direction, the buildings were put in order, and all necessary preparations were made for holding the fair, including the offer of premiums to exhibitors, etc. They conducted the fair, received proceeds of entrance and admission fees, etc.

He also found that plaintiff exhibited cattle at the fair, paid entrance fee therefor, and was awarded premiums amounting

to $64.75, which constitutes his claim in this suit; that, for several years before, plaintiff was a stockholder of the corporation and voted at elections for directors, but there was no evidence that he knew of any proceedings pending to oust any members of the board.

In view of these and other facts found and embodied in his opinion, the learned judge held that the acts of the de facto directors were binding upon the corporation. In that we think he was clearly right. Contracts entered into by a corporation de facto are binding after having been executed by either party : 2 Morawetz on Corp., secs. 750, 752. The act of an officer de facto is good whenever it concerns a third person who had a previous right or had paid a valuable consideration for it : Angell & Ames on Corp., 11th ed., secs. 287, 286, 299. An officer de facto is one whose acts, though not those of a lawful officer, the law, upon principles of policy and justice, will hold valid, so far as they involve the interests of the public and third persons : State v. Carroll, 38 Con . 449. Our own cases are to the same effect : Riddle v. Bedford, 7 S. & R. 392; McGargell v. Hazleton Coal Co., 4 W. & S. 425. In the latter it was held that "a corporation may act by means of an officer de facto as fully and effectually, as regards the public and third persons, as by an officer de jure," in all matters within the scope of the corporation's ordinary business.

The learned counsel for defendant, in a very able and ingenious argument, contended that there is a distinction between de facto officers of public corporations and de facto officers of private corporations. While such a distinction appears to be recognized, in some of the cases cited and relied on by him, we are not convinced that it is sound. The weight of authority, in this country especially, is decidedly against it. In the case of public corporations, the reasons for holding the acts of de facto officers binding on the corporations they represent are doubtless stronger than in the case of private corporations; but, to some extent at least, they are the same in both, differing only in degree.

We find nothing in the record that requires a reversal of the judgment.

Judgment affirmed.

### ZEARFOSS & HILLIARD V. INSTITUTE.

PER CURIAM, March 20, 1893:

In its main features, this case is similar to Richards against same defendant, in which an opinion has just been filed in No. 425 January term, 1892; and what is said there, in regard to the liability of defendant for acts of the de facto directors, is applicable to this case. The nature of the claim, etc., is somewhat different. In this case, the claim is for lumber delivered to defendant corporation, on its own premises, and used in the construction of buildings thereon. The lumber was delivered on the order of Mr. Edelman, one of the members of the de facto, or acting, board. Part of it was furnished prior to the organization of the legal board and before the decree of court ousting any of the members of the de facto board, and part of it afterwards. Prior to furnishing any part of the lumber, plaintiffs had notice of pending litigation for the purpose of determining the right of the de facto board to act as directors of the corporation. The lumber delivered by plaintiffs was retained, as the property of the corporation defendant, after the de facto board was ousted, and remained in its possession when this suit was brought, and at the time of trial.

There is nothing in the difference, between the facts of this case and that above mentioned, to exempt the defendant from liability. We think the learned trial judge was right in entering judgment against the corporation defendant for the price of the lumber. It actually received, retained, enjoyed, and is still enjoying the full benefit of the lumber delivered by plaintiffs. Justice requires that it should be paid for.

Judgment affirmed.