## Conshohocken Tube Co. v. Iron Car Equipment Co., Appellant.

*Corporation—Suit on coupons—Execution—Evidence—Rule of court.*

Where an action is brought upon coupons it is not necessary to prove the execution of the mortgage securing the bonds to which the coupons were attached, particularly where a rule of court providing for an affidavit denying the execution of a writing sued upon has not been complied with.

Recovery may be had upon coupons signed by the vice president of the company, although the mortgage accompanying the bond provided that the bonds should be signed by the president.

Argued April 20, 1894. Appeal, No. 477, Jan T., 1894, by defendant, from judgment of C. P. Huntingdon Co., Sept. T., 1893, No. 9, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Assumpsit on coupons. Before FURST, P. J.

The rule of court provided for an affidavit denying the execution of a writing sued upon before its execution could be put

in issue. See Roberts v. Car Equipment Co., above, page 348. The plea here was non assumpsit and no affidavit was filed.

The bonds and trustee's certificates were put in evidence without objection. The trustee's certificate was signed by the "Central Trust Co. of New York, U. S. Hyde, V. President," without seal. The bonds were signed by C. N. Jordan, vice president, although they recited that they were subscribed by the president. The mortgage accompanying the bond provided that the bonds should be signed by the president, but they were not offered in evidence.

The superintendent and manager of plaintiff company identified the coupons, and testified as to their presentation for payment and refusal. He also testified that the vice president signed the bonds because the president was sick and not able to sign. The coupons were then received in evidence, under objection and exception. [1]

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* was above ruling, quoting bill of exception.

*George B. Orlady*, for appellant.

*Samuel T. Brown*, *Charles G. Brown* and *H. M. Tracy*, for appellee.

PER CURIAM, April 30, 1894:

There is no merit in either of the specifications. The proof of plaintiff's claim was clear, distinct, positive and uncontradicted, and hence there was no error in directing the jury to find in favor of plaintiff for the amount of its claim.

Judgment affirmed.

Cf. Roberts v. Car Equipment Co., above, page 348.