# Kisner's Estate.

*Wills—Charitable bequests—Witnesses — Competency — Act of April 26, 1855, P. L. 328—Evidence—Corporations—Membership—Director—Verbal resignation—Corporate records—Contradiction.*

1. Where the names of certain persons appear on the records of a corporation as members thereof, the corporation is bound thereby; where, however, the validity of certain bequests to the corporation depends upon whether the persons appearing on the records as members were in fact members thereof, the records are only prima facie proof of the facts which they state, and parol evidence may be received to contradict them.

2. The fact that a person takes an active interest in a charitable organization and joins in a campaign to raise funds therefor, does not render him incompetent to act as a subscribing witness to a will containing a bequest to such charity.

3. A person cannot be compelled to become a member of a corporation without his knowledge or consent.

4. The resignation of a director of a corporation need not necessarily be in writing.

5. A will containing a bequest to a charitable institution was witnessed by two persons, one of whom had been made director and

the other a member of the institution prior to the execution of the will. The corporate records of the association showed that two years before at an annual meeting the witness who was a director had been elected for a period of four years, and that at the date of the will he was captain of a team to collect funds for the association. Evidence was introduced over objection to contradict the corporate records and to show that previous to the execution of the will such director had resigned and all his connection with the society other than his captaincy of the team to raise funds had ceased. *Held,* the Orphans' Court did not err in determining that such witness was not interested in the charity within the meaning of the Act of April 26, 1855, P. L. 328, relating to the attestation of wills containing bequests to charitable uses.

6. Where in such case the name of the other witness appeared on the records of the society as a life member but he testified that he never joined as a life member or applied for membership or knew of his election as such; and it appeared that at one time he had contributed an amount sufficient to entitle him to life membership and that without his knowledge his name was placed on the minutes as a life member, the court did not err in holding that such witness was not interested and that the bequest was valid.

Argued April 11, 1916. Appeal, No. 35, Jan. T., 1916, by David P. Kisner, from decree of O. C. Luzerne Co., No. 215, of 1911, dismissing exceptions to account of executors in Estate of Elliott P. Kisner, deceased. Before POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Exceptions to executors' account. Before STAPLES, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. David P. Kisner appealed.

*Errors assigned* were in dismissing the exceptions.

*J. Q. Creveling,* with him *D. L. Creveling* and *Gilroy & Duffy,* for appellant.—The minutes of the United Charities of Hazleton conclusively showed that the witnesses were interested in the charitable bequests.

Parol evidence was inadmissible to vary the terms of the writing in the absence of allegation or proof of fraud, accident or mistake: Geiser Mfg. Co. v. Frankford Township, 40 Pa. Superior Ct. 97; Commonwealth v. King, 17 Pa. Dist. Rep. 785; Chemical National Bank v. Colwell, et al., 9 N. Y. Supp. 285; Kindberg v. Mudgett, 24 Wkly. Dig. (N. Y.) 229; Carnaghan, et al., v. Exporter's & Producer's Oil Co., Ltd., 11 N. Y. Supp. 172; Wilson v. McCullough, 23 Pa. 440.

Jones took an active interest in the charity, which disqualified him from witnessing the will containing bequests in its favor: Palethorp's Est., Provident Life & Trust Co.'s App., 249 Pa. 389.

*J. T. Lenahan*, with him *R. L. Bigelow, F. P. Boyle* and *J. H. Bigelow*, for appellees.—Jones and Kinle were not interested in the charities: Kessler's Est., 221 Pa. 314; Palethorp's Est., Provident Life & Trust Co.'s App., 249 Pa. 389; Johnson's Est., 249 Pa. 339; Evan's Est., 12 Pa. Dist. Rep. 694.

OPINION BY MR. JUSTICE WALLING, July 1, 1916:

This is an appeal from a partial distribution of the estate of Elliott P. Kisner, late of Hazleton, Luzerne County, Pennsylvania, who died March 22, 1911, unmarried and without issue and leaving cousins as his next of kin, one of whom, David P. Kisner, is the appellant. On February 3, 1911, said deceased made and executed his last will, by which he bequeathed his entire estate, except some minor bequests, to three local organizations, to wit: The United Charities, Young Men's Christian Association and the Presbyterian Congregation, all of Hazleton. S. E. Jones and C. W. Kline were witnesses to the will.

Appellant contends that they were not at the time disinterested witnesses, and that therefore, under the Act of April 26, 1855, P. L. 328, said bequests to religious and charitable uses are void and pass to the next of kin. The

United Charities of Hazleton was a corporate body and appellant avers that Mr. Jones was then a director and Mr. Kline a life member thereof, which averment is denied by appellees.

. The auditing judge and court below found that Mr. Jones was not a director and Mr. Kline not a member, and that both witnesses to the will were disinterested. The correctness of such finding and the admissibility of parol evidence to contradict the corporate minutes of the United Charities are the main questions raised by this appeal.

Mr. Kisner was a member of the bar and a man of exceptional ability. He drew his own will and was deeply interested in the objects for which he therein provided. There was not the slightest suspicion with reference to the will or its execution; and probably no testator was ever more anxious than he to make his will effective. Nevertheless the case must be, as it was by the court below, passed upon purely as one of law and fact.

The minutes of the United Charities of Hazleton show that Mr. Jones was, at the annual meeting in March, 1909, elected a director thereof for the term of four years; that he attended one meeting of the board during the year 1910; that on the date of the will he was named as captain of a team to collect funds for the association; that his name appeared as a member of the home committee; and that at the annual meeting in March, 1912, his resignation was referred to as having been tendered during the preceding year. Mr. Kline's name when he witnessed the will was and had been for some years on the corporate minutes as a life member of said United Charities.

We agree with the court below that such minutes or corporate records make a prima facie case of incapacity in the subscribing witnesses. But the court permitted parol evidence tending to show that the corporate minutes were incorrect and that as a matter of fact Mr.

Jones was not a director nor Mr. Kline a member of said United Charities when they witnessed the will.

In our opinion such evidence was competent. It is not a question as to the effect of corporate records against the corporation, but as to the validity of these legacies; and if as a matter of fact the witnesses to the will were disinterested, then the legacies stand, otherwise they fall. The testator was not bound by the corporate records but by the facts. His right to dispose of his own property was not lost because of mistake in the minutes to which he was not a party.

No one was misled and the case does not come within the rule as to estoppel. Mr. Jones was then one of the commissioners of Luzerne County, and as such joined in voting an annual appropriation to said United Charities of Hazleton. For which reason he testifies that he re-signed as a director thereof in 1909, and never acted as such thereafter; that his resignation was made orally to the secretary of the United Charities; and he details the circumstances; that he never afterwards attended a meeting of the board or did any act as a director; that he was present once as a private citizen to protest against a criminal prosecution which the United Charities was conducting; and admits he was captain of a team to collect funds for the society.

The secretary died before this controversy arose and the president testifies in effect that Mr. Jones did not act as a director to his knowledge after April, 1909, although he does not recall that Mr. Jones spoke to him about his resignation, which might naturally be, as the president is a man advanced in years and busy with other matters. There is however other testimony tending to corroborate Mr. Jones as to the fact of his resignation. The evidence on both sides of that question made it one of fact proper for the determination of the auditing judge and court below.

The circumstances, that his alleged resignation was not in writing, that the secretary died soon thereafter

and that there were twenty-eight directors, made it not improbable that Mr. Jones' name might have been carried along on the minutes as a director some time after he had actually resigned.

Mr. Kline, who was formerly a member of the State senate from that county, testifies positively, that he never was a life member of said United Charities, never joined the same or applied for membership or knew of his election as such, never knowingly contributed specifically thereto, although he usually made annual contributions for the charities of the city, making his checks payable to one of a committee of ladies who waited upon him for that purpose. The evidence tends to show that at one time he so gave his check for an amount sufficient to entitle him to life membership in said United Charities, and that the lady without his knowledge turned the check over to the said corporation, and in that manner his name was placed on the minutes as a life member, of which Senator Kline had no information until this controversy arose.

The fact that Mr. Jones as a matter of public spirit or public interest became captain of a team to collect funds for the United Charities, or took a general friendly interest therein, would not render him an interested party so as to be an incompetent witness to a will in which it was a legatee. Many good citizens take an interest in local charities and join in campaigns to raise funds therefor, but that is not a disqualifying interest within the statute; which refers to some legal interest: Comb's & Hankinson's App., 105 Pa. 155; Jordan's Est., Bear's App., 161 Pa. 394.

Neither would the fact that his name appeared as a member of the home committee render him legally interested in the corporation.

In the case at bar neither witness was named in the will or given any duty or power with reference to the bequests therein named; so the principle of Stinson's Estate (No. 1), 232 Pa. 218, has no application, and the

finding that Senator Kline was not a member of the corporation was warranted under all the evidence. No man can be compelled to become a member of such corporation without his knowledge or consent.

The resignation of a director of a corporation need not necessarily be written.

"Putting a resignation in writing is the more orderly and proper mode of procedure, but if the fact exists, and is adequately proven, the result is necessarily the same as applied to this case": Briggs v. Spaulding, 141 U. S. 132, 154.

"A director is the agent of a business corporation and can resign orally or in writing unless there is some provision to the contrary in the charter or by-laws": Fearing v. Glenn, 73 Fed. Repr. 116.

On the whole case we see no reason to differ from the conclusion of the court below, that the subscribing witnesses to the will of Elliott P. Kisner were disinterested and the legacies therein given valid.

The assignments of error are overruled and the judgment is affirmed.