# Johnson et al., Appellants, v. Delaware County et al.

*Charities—Taxation—Exemption, account of—Act of April 9, 1921, P. L. 119.*

Property, devised to trustees for use as a place of recreation for the public, but never devoted by them to that purpose, is not exempt from taxation as a public charity.


Argued November 20, 1923.   Appeal, No. 238, Oct. T., 1923, by plaintiffs, from decree of C. P. Delaware Co., June T., 1922, No. 98, dismissing bill in equity in the case of Isaac Johnson, William B. Broomall, J. Howard Rupp, William H. Jessup and Elisha Moore, Trustees, under the Will and Testament of Mary C. Crozer, deceased, v. County of Delaware, Borough of Upland, Borough of Upland School District, and David Lord, Tax Collector of the Borough of Upland.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Bill in equity to restrain collection of taxes.   Before HAUSE, J., 15th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

The court dismissed the bill.   Plaintiffs appealed.

*Error assigned* was the order of the court.

*Kingsley Montgomery,* for appellants.

*John B. Hannum, Jr.,* and with him *Henry G. Sweeney* and *Albert J. Williams,* for appellees.

PER CURIAM, December 10, 1923:

Appellants filed their bill to restrain defendants from assessing certain land for county, borough and school

taxes, averring that the land was maintained "for the use of the public as a place of recreation," and therefore exempt as a public charity by the Act of April 9, 1921, P. L. 119. Defendants filed an answer denying both the public use and the title alleged. After hearing on pleadings and proofs, the court dismissed the bill. This appeal challenges that decree on various grounds, only one of which need be considered in the peculiar circumstances of this record. Ordinarily, we should first consider the denial of appellant's title to the land, but in this case, where parties vitally interested in that controversy cannot be brought in and be heard, and where the chancellor has found the fact that the land is not used as alleged, and therefore not exempt, we are constrained to leave undecided the question of title raised, and to base our decision on the finding that "no steps have been taken since Mrs. Crozer's death, by the trustees or by any one for them, to devote the property to the uses for which it was devised, nor is it now used in the manner in which the use was contemplated by the testatrix," i. e. for the public purpose alleged.

As the evidence supported the finding, the decree was right.

Decree affirmed at cost of appellants.