## Easton Italian Home Association v. City of Easton et al.

*Public charities—Exemption from taxation.*

Where an association was incorporated for social enjoyment and intercourse among the members and the evidence shows that since its incorporation that was the dominant use to which the association's property was put, the mere fact that the association did considerable literary, educational, musical and other commendable work will not entitle it to exemption from taxation on the ground that it is a purely public charity. The test that must be applied is, what was the actual use of the property?

Bill in equity to restrain the defendants from taxing the complainant's property. C. P. Northampton Co., July T., 1924, No. 4.

*F. P. McCluskey*, for complainant.

*Newton R. Turner*, City Solicitor, for defendants.

STEWART, P. J., Nov. 24, 1924.—It will not be necessary to give a summary of the facts. A reference to the important ones is contained in the opinion.

In addition to the answers to the requests for findings of fact and conclusions of law, which, when affirmatively found, are made a part of these findings, the court finds the following facts:

1. Easton Italian Home Association is not an association of public or private charity.

2. The premises mentioned in the bill, No. 37 South Fifth Street, Easton, Pa., owned and occupied by the Easton Italian Home Association, were not founded, endowed and maintained by the public or private charity.

3. The premises mentioned in the bill, No. 37 South Fifth Street, Easton, Pa., owned and occupied by the Easton Italian Home Association, are not used as an academy nor as an association and institution of learning, founded, endowed and maintained by the public or private charity.

4. The premises mentioned in the bill, No. 37 South Fifth Street, Easton, Pa., owned and occupied by the Easton Italian Home Association, while used to some extent for literary, educational and musical purposes, yet, nevertheless, their primary use is for the purpose as set forth in its charter and in the second paragraph of the bill.

5. That the whole of the premises mentioned in the bill, No. 37 South Fifth Street, Easton, Pa., consisting of a lot 47 feet on South Fifth Street by 110 feet westwardly in depth, are devoted to the purposes of the home of said association, and that there is no distinction between the use of the brick building and the side lot. The two lots should be considered as a unit.

## Discussion.

While the findings of fact and conclusions of law, as presented by the learned counsel in the case, are perhaps sufficient to meet every phase of the case, yet, in our view, the above findings contain definite facts which should appear of record. The learned counsel for the City of Easton, in his argument and in the brief filed, contends that as the 25-foot lot to the south of the brick building is not built up, that, in any event, it is taxable, and that, under Christian Association of University of Pennsylvania *v.* City of Philadelphia et al., 75 Pa. Superior Ct. 516, a portion of the property being taxable, the bill must be dismissed. We do not agree to that contention. The testimony shows that this entire property belonged to the late Theodore Oliver, and the lot was always used in connection with the brick building, and that means of access to the building are over the lot, and that it is also used for festivals which the association gives. It has never been rented to outsiders. While, in our view, this makes no difference, because we hold that all the property is taxable, yet, if the case is to be reviewed by a higher court, we think the complainant ought to have the benefit of our finding that the entire property must be considered as a unit. The contention in this case is unique. The association's charter contains the following: "The purposes for which the corporation is formed are to maintain an association for social enjoyment and intercourse among the members of said association, the increase of fraternal feeling among the members of the following societies, to wit: the Garibaldi Society, Lodge A. Volta No. 30, Court Tripoli No. 355, Foresters of America, Lodge Lode E. Millo No. 128, Sommatino Society, Society No. 11, Bersagliere La Marmola, and whose members will constitute the membership of this association, or intended association, by establishing and maintaining a suitable and proper place for meetings, social gatherings and entertainments of a literary, musical and social nature." That is to say, by its charter, this association ranks as a social club. In the sixth, seventh and eighth paragraphs it is alleged as follows: "Sixth. Lectures and entertainments on useful and instructive subjects from time to time are given gratuitously, and are not only free to the members of the association, but to any other person who desires to attend the same. Seventh. That the said premises are used also for the purpose of education, there being connected therewith a free library for the members of said association, as well as any other person who desires to use the same. Eighth. That the educational features of said association consist of an Americanization school, an English school and an Italian school for the members, the Italian children in the community, as well as any other person who may desire to attend said school." That is to say, the allegation is made that the work of the association was literary and educational, and, on the trial, the proof showed that it was also musical. In other words, as to these latter features upon which the association claims benefit from exemption, they are not within the charter and are *ultra vires.* We shall not discuss that question. It is referred to in Pocono Pines Assembly and Summer Schools of Naomi Pines *v.* Monroe County, 29 Pa. Superior Ct. 36, where the association was chartered for "the advancement of literary and scientific attainment among the people; the study of the Bible, of the science and art

of teaching, and the promotion of general culture in the interest of Christianity." It was held: "Where an association or institution seeks exemption from taxation on the ground that it is a charity, it must be shown in fact that it is a purely public charity; it is not sufficient that the object of the association as set forth in its charter is to establish and maintain such institution. If it ceases to do that on which it depends for exemption, the property at once becomes subject to taxation, and this is true whether the doing of that which deprives it of the charter of a purely public charity is in excess of the charter powers or not." That same principle was also referred to in the late case of Johnson et al. v. Delaware County et al., 82 Pa. Superior Ct. 285, the syllabus of which is: "Property devised to trustees for use as a place of recreation for the public, but never devoted by them to that purpose, is not exempt from taxation as a public charity." The test that must be applied is what is the actual use of the property, and the Supreme Court, in Philadelphia v. Barber, 160 Pa. 123, 128, said that actual use must be exclusive use, and that doctrine has been amplified and extended in the very late case of Laymen's Week-End Retreat League of Philadelphia v. Butler et al., 83 Pa. Superior Ct. 1. After carefully reading over the testimony, while the work that has been done by the officers of this social organization is most commendable and, we think, exceptional in character, yet, nevertheless, it is secondary to the dominant purpose of the organization, which is properly expressed in its charter provision quoted above. We were much impressed by the scope of the work which was done by the school of Americanization and by the educational work which has been carried on during the past year, and which the association intends to continue at a very considerable expense for the present year, and the effort which it makes to promote musical education is most praiseworthy, and the liberality of its lecture work is most exceptional; but, nevertheless, the use of the premises for these purposes was necessarily limited, both as to rooms and as to the times when these commendable courses of instruction were given. In some of the cases, the expressions used refer to "dominant use of the premises" and "secondary uses of the premises," and it is said that the former controls on the subject of exemption from taxation. So in this case the dominant use of the premises, being of a social character, will not permit the exemption of the association's premises from taxation. Again, this association is neither endowed nor maintained by public or private charity. The testimony shows that it has a membership of 600. They pay $1 a year dues. There are nine lodges that meet on different evenings. Each pays $40 a year rent. (The Ladies of Santo Vido, from the testimony of Mr. Tanzello, would seem to be exempt from paying rent. If this is so, there would only be eight lodges.) In addition to these sources of revenue, as appears from its ledger offered in evidence, the association conducted various outside enterprises. For instance, in October of this year, it had a profit from a Columbus Day dance, $182.60. In the preceding month, the book shows it had a profit from September 20th celebration, $174.40. In August it had a profit from a picnic at the City Farm of $358. In July it had a profit from a picnic at the City Farm of $289.22. In April it had a profit from a show at the Orpheum of $271.50. In March it had a profit from a ball at the Armory of $183. When we turn to the other side of the account and look at the expenses of the association, interest on its mortgage, light, heat, janitor, pay of teachers, etc., it is evident that, were it not for these outside enterprises, the association would be run at a loss. There is no profit in the association and none of the officers were paid salaries, but, nevertheless, it maintained itself by dues, rents and outside enterprises and not by public or

private charity. With the exception of a drive that was made three years ago in soliciting charitable contributions from the people of Easton to the building fund, the organization has maintained itself, and, in this connection, another commendable feature may be referred to in that the books of account show that the association is a contributor to our Community Welfare Chest. This association is not a charitable organization and is not entitled to exemption, as it has none of the features of a public or private charity. We have not thought it necessary to cite the authorities which govern in cases of this character. It was conceded by the learned counsel who argued the case that they were fairly well discussed by us in Young Men's Christian Ass'n v. City of Easton et al., 18 Northamp. Co. Repr. 310 [3 D. & C. 562], and subsequent re-examination of these authorities on our part has convinced us that this bill must be dismissed.

And now, Nov. 24, 1924, this cause came on to be heard at this term, and, upon consideration thereof, it is ordered, adjudged and decreed that the relief prayed for in the bill be denied and that the bill of complainant be dismissed. It is further ordered, adjudged and decreed that the complainant shall pay the costs. The prothonotary will enter this decree *"nisi"* and give notice of the same to the parties or their counsel, and if no exceptions are filed within fifteen days, this decree shall be entered by him as a final decree.

From Henry D. Maxwell, Easton, Pa.