Estate of Olive Aiken, Deceased.

Argued April 20, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*C. H. Akens,* and with him *Frank O. Moretti* of *Akens and Wilkison,* for appellant.

*John P. Lockhard* of *Lockhard & Long,* for appellee.

OPINION BY KELLER, J., July 8, 1931:

By her will, Mrs. Olive Aiken gave her sister, this appellant, the use of her real and personal property for her life, and after the latter's death directed her executor to sell the real estate.

Out of the proceeds she bequeathed $500 to the Center United Presbyterian Church and the residue, after certain bequests or provisions for the care of her cemetery lot, to the Board of Foreign Missions of the United Presbyterian Church.

G. V. Gibson, one of the subscribing witnesses to the will was, at the time of the execution of the will, and still is, a lay member of the Center United Presbyterian Church.

The decedent's real estate was sold under the Revised Price Act and appellant claims the proceeds as her heir on the ground that the above legacies were void because Gibson was not a disinterested witness under section 6 of the Act of June 7, 1917, P. L. 403.

If the residuary gift to the Board of Foreign Missions of the United Presbyterian Church is good, it follows that appellant is not affected by the decree appealed from, for in that event, if the bequest to the Center United Presbyterian Church was held invalid it would fall into the residue and go to the Board of Foreign Missions aforesaid and not to this appellant.

The Board of Foreign Missions of the United Presbyterian Church is a Pennsylvania corporation of the first class. It is not alleged or shown that Gibson is an officer or even a member of this corporation. The fact that he is a lay member of a congregation which contributes to the support of the Board does not dis-

qualify him from acting as an attesting witness to a will which contains a bequest to the Board. The matter is too plain to require further elaboration.

We might stop here, for with this determination, the appellant is not an interested party as to the bequest to the church. But we are of opinion that the fact that Gibson was and is a lay member of the Center United Presbyterian Church does not of itself render the bequest to the church invalid. Appellant's petition does not allege that he was an officer or trustee of the congregation. It names the six persons who are active in the affairs of the church and he is not among them.

The Act of May 20, 1913, P. L. 242, relied on by appellant, made no substantial change, as affects this case, in Sec. 7 of the Act of April 26, 1855, P. L. 328, as amended by June 2, 1887, P. L. 298 and May 1, 1907, P. L. 132: Maceirinas v. Chesna, 299 Pa. 70.

These acts were intended to vest the control and disposition of the church property in the lay members of the congregation rather than in the bishop or other ecclesiastical officer under the denominational policy, but it gave the mere lay member thereby no such interest as disqualified him from being a witness to a bequest to the church.

As a lay member he cannot do anything which will divert the church property from the uses with which it is impressed: Ryan v. Dunzilla, 239 Pa. 486.

Gibson was not an officer of the congregation charged with the active management and control of the church property.

In Darlington's Est., 289 Pa. 297 it was held that a ruling elder of the First Presbyterian Church of Pittsburgh, who was necessarily a lay member of the congregation, was a disinterested witness to a will which gave a bequest to that church, because his office was limited to matters of doctrine and discipline and

was not concerned in the management of the church property.

The interest which renders such a witness "interested" within the definition contained in Sec. 6 of the Act of 1917, is some active management and control of the financial affairs of the corporation such as a trustee, director, and secretary or treasurer as in Crozer's Est., 296 Pa. 48 and Kessler's Est., 221 Pa. 314, 321; the fact that he is a member with a right to vote in the conduct of its affairs, including the disposition of its property, does not render him an "interested" witness within the meaning of the act.

The decree is affirmed at the costs of the appellant.