Crozer's Estate.

Argued December 1, 1939.   Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Edward A. Collins, Jr.,* with him *Geary & Rankin,* for appellant.

*James A. Cochrane,* for appellees.

OPINION BY MR. JUSTICE LINN, January 2, 1940:

This is a proceeding by next of kin to set aside an award made to a "Board of Trustees" for charitable purposes at the adjudication of the account of the executors of Mary S. Crozer. The award became absolute March 31, 1921,[1] on the final confirmation of the distribution.

Section 48 of the Fiduciaries Act of 1917, P. L. 447, at page 514, 20 PS section 843, provides: "Within five years after the final decree confirming the original or supplementary account of any fiduciary, which has been or may be hereafter passed upon, [a] petition of review being presented . . . by any person interested therein, alleging errors in such account, or in any adjudication of the orphans' court, or any report of an auditor of such account, which errors shall be specifically set forth in said petition of review, said petition and errors being verified by oath or affirmation, the orphans' court shall grant a rehearing of so much of said account, adjudication, or auditor's report as is alleged to be error in said petition of review, and give such relief as equity and justice may require, . . . Provided, That this act shall not extend to any cause when the balance found due shall have been actually paid and discharged by any fiduciary." In applying that section, in *Stetson's Estate,* 305 Pa. 62, at p. 67, 155 A. 856, we said: "Under the Act of 1806, supra, this section of the Act of 1917 must be construed to mean that the party 'alleging errors in such account, or in any adjudication of the orphans' court, or any report of an auditor on such

---

[1] We accept the date as given in the appellant's history of the case.

account,' can only effectually do so 'within five years after the final decree confirming' the account." See also *Elkins's Estate*, 325 Pa. 373, 190 A. 650; *Neafie's Estate*, 325 Pa. 561, 191 A. 56; *Colladay's Estate*, 333 Pa. 218, 3 A. (2d) 787.

A stipulation of facts in the record of this appeal states that at the audit of the account in 1921 "due notice to all parties" was given according to law, that "the question as to the validity of the gift to the Park Trustees was never raised, nor were any facts or law pertaining thereto in any way considered by the Orphans' Court, nor were any exceptions or appeals raising such question thereafter filed by the next of kin, or any one else, in connection with either of said audits or adjudications pursuant thereto."

"5. That no formal petition for review of the gift to the Park Trustees was ever presented to the Orphans' Court of Delaware County."

Testatrix died in 1918. She had a power of appointment under her husband's will and, in her will, exercised it by appointing a small tract of land to "a Board of Trustees" to be maintained as a public park under rules and regulations to be adopted by the board. She also gave the board $25,000 "to devote the income thereof for the perpetual maintenance of the said property for the said charitable use." It is this gift which appellant now contends was invalid. May the adjudication be opened for the trial of the proposed issue seventeen years after?

Appellant asserts that the following facts appear throughout the records of the court below and that, on them, the court should now consider the case as if the validity of the gift had been challenged originally and these facts shown in support of the issue. Testatrix made other gifts in trust for other charitable purposes, among them, a gift for the benefit of the J. Lewis Crozer Home for Incurables and Homeopathic Hospital. Concerning the park, she provided that the board

of trustees should be composed of two executors named in her will and three additional persons designated by office or description, two of them common pleas court judges at the time of her death, and the fifth, the burgess of Upland. When she died William B. Broomall was one of the judges answering the description. Judge Broomall's name appeared as a subscribing witness on the will and codicils. This fact led to inquiries whether he was a disinterested[2] witness under section 6 of the Wills Act with respect to (1) the exercise of the power of appointment of the land, and (2) with respect to the gift to the J. Lewis Crozer Home for Incurables. The validity of the gift of $25,000 was not questioned.

The inquiry into the right of the board to take the land for a park came in a proceeding to restrain the collection of county taxes assessed against the land. In the Superior Court, the proceeding was dismissed on the ground that the land, at the time, was not being used for public purposes and therefore was not exempt from taxation: *Johnson et al. v. Delaware County et al.*, 82 Pa. Superior Ct. 285; but the court declined to pass on the validity of the exercise of the power for the reasons stated at page 286. Subsequently, an action of ejectment was brought against the board of

---

[2] The Wills Act of 1917, P. L. 403, section 6, P. L. 406, 20 PS section 195, provides: "No estate, real or personal, shall be bequeathed or devised to any body politic, or to any person in trust for religious or charitable uses, except the same be done by will attested by two credible, and, at the time, disinterested witnesses, at least thirty days before the decease of the testator; and all dispositions of property contrary hereto shall be void and go to the residuary legatee or devisee, heirs or next of kin, according to law. A disinterested witness, within the meaning of this section, is a witness not interested in such religious or charitable use,—this section not being intended to apply to a witness interested in some other devise or bequest in the same instrument." See *Stinson's Estate (No. 1)*, 232 Pa. 218, 81 A. 207; *Baughman's Estate*, 281 Pa. 23, 126 A. 58.

trustees and the plaintiff recovered on the ground that Judge Broomall was not a disinterested witness. No appeal was taken in that action. Later, in another proceeding, the legacies to the J. Lewis Crozer Home for Incurables were challenged at the termination of a prior life estate and the gifts held invalid: *Crozer's Estate,* 296 Pa. 48, 145 A. 697.

Thereafter, all of the trustees died, the last survivor being J. Howard Roop, who died April 5, 1933, leaving a will on which letters testamentary were granted to Kingsley Montgomery. He died in 1937. Montgomery's executors, on behalf of their testator, as executor of Roop, surviving trustee, then filed an account of the trust (the account now before the court) showing the investment of the sum awarded and paid to the board of trustees in 1921 and that, after payment of expenses, there was a balance in securities and cash of $32,827.12, no part of it having been applied to the charitable purpose declared by the testatrix. Montgomery's executors also filed a petition setting forth that Roop was the last survivor of the trustees and asking that trustees be appointed to succeed them. Successors were appointed. A stipulation signed by counsel for appellant and appellees states that the substituted trustees "are ready and willing, when, as and if such moneys are awarded to them, to devote the same to a proper and authorized charitable use." Compare *Wilkey's Estate,* 337 Pa. 129. Montgomery's executors also filed a petition for distribution informing the court that the residuary legatees of Mary S. Crozer, deceased, also claimed this fund, and stating that "The questions for the court are therefore whether the bequest as above referred to is void and if void, to whom the funds should be distributed."

It is on that petition, filed in 1938, that the next of kin of Mrs. Crozer sought, in the court below, to review the adjudication of the orphans' court made in 1921,

Passing the question of procedure,[3] we shall deal with the subject on the merits. The contention is that the adjudication then made was wrong because Judge Broomall was not a disinterested witness as respects the gift of $25,000. It is agreed there was no fraud of any kind, but it is said that, as the validity of the exercise of the power of appointment of the land was successfully challenged in the litigation referred to, and the validity of the gift to the J. Lewis Crozer Home for Incurables, etc. in another suit on the ground that Judge Broomall was not a disinterested witness, appellant may now say that if, at the audit of the account in 1921, the next of kin had challenged the validity of this gift it would also have been set aside. But the court is not now permitted to make the inferences suggested. It may be noted, in passing, that the parties to the tax litigation and to the ejectment and to the challenge of the gift to the Crozer Home, were different parties, and the inquiry concerned different subjects. The opinion in *Crozer's Estate*, 296 Pa. 48, 145 A. 697, shows that there was evidence of Judge Broomall's active connection and interest in the J. Lewis Crozer Home. We are not advised of the evidence in the other two suits. There was no hearing on the subject as respects the gift now challenged. Judge Broomall and the other members of the board are dead and the court cannot know what their testimony might have been if the challenge had come in time and when their testimony was available. These matters are recited only to show the importance of the application of section 48 of the Fiduciaries Act as construed in the decisions referred to above.

---

[3] In *Neafie's Estate*, 325 Pa. 561, at 565, 191 A. 56, we said: "While this proceeding is not in form a petition for review, now to go beyond the prior adjudications after the elapse of five years, and correct an error to which the life tenants had full opportunity to object, would be an indirect method of disregarding the statutory limitation upon reviews of accounts."

Appellant cites cases[4] applying the rule that on the adjudication of a second account an error of law made in the adjudication of the first account will not be repeated; here we have no second account of the executors of Mary S. Crozer. She also cites cases[5] dealing with the rule against perpetuities. From what has been said as to the ground of our conclusion, it is obvious that the rules applied in these cases can have no application.

The decree is affirmed at appellant's costs.

---

[4] Among them, *Reamer's Estate,* 331 Pa. 117, 200 A. 35.

[5] Among them, *Johnson's Estate,* 276 Pa. 291, 120 A. 128.