---

## Gunster *v.* Jessup.

*Evidence—Competency of witness—Party dead—Stockholder in bank.*

In an action by an assignee for creditors of a bank on a bond conditioned for the faithful performance of the duties of the vice president of the bank, where the principal and two of the sureties are dead at the time of the trial, a director who had entered into an agreement with the depositors to pay them in full and to take an assignment of their claims, and and who had joined with the other directors in borrowing a large amount of money on their joint notes, one of which was still unpaid, is not a competent witness for the plaintiff.

Argued Feb. 21, 1900. Appeal, No. 446, Jan. T., 1899, by plaintiff, from judgment of C. P. Lackawanna Co., Jan. T., 1891, No. 494, on verdict for defendant in case of Joseph H. Gunster, assignee, in trust for the benefit of creditors of the Scranton City Bank v. William H. Jessup, Theodore G. Wolf and Everett Warren, Executors of B. H. Throop, deceased, and Ellen B. Jessup, sole heir and legal representative of Albert Beardsley, deceased. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on a bond of suretyship. Before ARCHBALD, P. J.

At the trial Edward Merrifield was offered as a witness for the plaintiff.

Mr. Warren: We object to the witness being sworn as a witness in this cause as to any matters or things occurring in the lifetime of the alleged obligors on this bond, to wit: Dr. Throop, Albert Beardsley and George A. Jessup, or as to any matters or things with which they were concerned and which it may be sought to be elicited from the witness, because we think we can show that he is an interested witness within the act of assembly so as to exclude him from testifying in this case.

Mr. Torrey: We offer in evidence an agreement made October 7, 1889, between the directors of the bank and the committee of stockholders, which is for the inspection of the court, for the purpose of showing that the directors, Mr. Merrifield among them, agreed for a certain consideration to guarantee the payment of all the accounts of the depositors, which contract had been receipted in full and surrendered to Merrifield et al.

Also a certain agreement between Dr. Throop, Edward Merrifield and others, in which Merrifield and others agreed to indemnify Throop against the claims of depositors for a certain consideration. More than six years had intervened and no proof was offered of any pending suit or judgment for deposits. It was shown that Merrifield was a stockholder and that he had released and surrendered his stock to the assignee.

It was proved also that he was, at the time of the trial, indebted to the First National Bank of Scranton on a note of about $8,000, upon which he and some of the other former directors of the Scranton City Bank were makers.

It was shown also that the same parties originally borrowed a large sum of money from the same bank for the purpose of paying the depositors of the bank.

It was shown that Edward Merrifield was a depositor and had taken assignments of the claims of other depositors, and that he had assigned his interest in all deposits to Henry Armbrust by a written assignment under seal.

It was shown also that the stockholders were liable, under the act of assembly creating the bank, for the full amount of their stock paid in. The bank failed in 1889.

The above is an abstract of the evidence offered.

The Court: Passing on the objection to the competency of

the witness, it seems to me that the evidence establishes that the witness, Mr. Merrifield, has an interest which disqualifies him as to anything occurring during the lifetime of the parties who are deceased, Mr. Jessup, Mr. Beardsley and Dr. Throop. In this I do not lay any stress upon the testimony of Mr. Linen, because there is nothing strictly to connect the loan of Mr. Linen's bank, which he has testified to, with this assigned estate; the declaration made by the parties which he testified to has been stricken out and must be disregarded. Nor under this last assignment by Mr. Merrifield and Victor Koch and Morris Goldsmith to Mr. Armbrust of their interest in deposits would there apparently be any remaining interest in Mr. Merrifield. That is made under seal which imports consideration, and nothing is shown to impeach it. But Mr. Merrifield unquestionably was a stockholder at the time of the failure of this bank. Under that there was a statutory liability by virtue of the charter. Whether that is at present binding I cannot pass upon; it apparently is. I lay no very great stress upon that, however, although I do not think that the assignment of Mr. Merrifield's interest in the stock pending these suits can be regarded as other than colorable under the testimony that he himself gives. I do not mean to say that it is in bad faith, but it is what is known and designated in this matter of competency of witnesses as a colorable assignment; so it seems to me. But above all, Mr. Merrifield certainly has an interest which has not in any way been divested by reason of his agreement with the committee of depositors which has been put in evidence. That bound him with the others to the payment of all the deposits. It is true we have a receipt on the back by Mr. Levy, one of that committee, stating that the contract has been complied with, but I do not see that that would bind, or that that declaration of his is sufficient to show that there has been a settlement with all depositors, and any depositor could take advantage and have the advantage of this undertaking.

Mr. Price: The receipt says: " And that contract is hereby surrendered."

The Court: I do not see how he would have authority to do that. I will sustain the objection which is made.

Exception noted for the plaintiff at whose request a bill is sealed. [2]

Verdict and judgment for defendants. Plaintiff appealed.

*Error assigned* was (2) ruling on evidence quoting the bill of exceptions.

*S. B. Price,* with him *Charles H. Welles,* for appellant.—A party who has assigned his interest may become a competent witness: Steele v. Phoenix Ins. Co., 3 Binney, 306.

Interest as a ground for the exclusion of the preferred witnesses must be a legal, certain and immediate pecuniary interest in the result of the issue: Miller on Competency of Witness, p. 21; Miles v. O'Hara, 1 S. & R. 32; Gillespie v. Miller, 37 Pa. 247; Robertson v. Stewart, 5 Watts, 442; McCaskey v. Graff, 23 Pa. 321; Curcier v. Pennock, 14 S. & R. 52.

The fact that a stockholder is contingently liable for instalments unpaid, is too remote: Smith v. Bank of Washington, 5 S. & R. 318; Bank of Swatara v. Green, 3 Watts, 374; Hartman v. Keystone Ins. Co., 21 Pa. 466; Com. v. Ohio, etc., R. R. Co., 1 Grant, 348; Bennett v. Hethington, 16 S. & R. 195.

*Everett Warren,* with him *James H. Torrey,* for appellees.—Merrifield was not a competent witness: Hinegan v. U. S., 17 Ct. Cl. R. 155; Kyte v. Foran, 167 Pa. 252; Reigart v. Hix, 14 S. & R. 134; Matthews v. Matthews, 11 Pa. Superior Ct. 381; Semple v. Callery, 184 Pa. 95.

OPINION BY MR. JUSTICE FELL, J., July 11, 1900:

This action was brought by the assignee for the benefit of creditors of the Scranton City Bank on a bond conditioned for the faithful performance of the duties of its vice president. The principal and two of the sureties died before the trial, and the representatives of their estates have been substituted on the record as defendants. The witness whose competency was challenged as to matters which had occurred during the lives of the deceased parties was a stockholder in the bank at the time the assignment was made, and as such was liable to the creditors in double the amount of the stock held by him. He was also a director, and with the other directors had entered into an agreement with the depositors to pay them in full and to take an assignment of their claims against the bank,

and claims amounting to $183,000 had been assigned to them. For the purpose of carrying out this agreement, the witness had joined with the other directors in borrowing a large amount of money on their joint notes, one of which for $9,000 was still unpaid. Notwithstanding the apparant incompetency of the witness because of his interest in the result of the trial, it was contended that he was qualified to testify because the statute of limitations was a bar to any proceedings to enforce the liability of stockholders, under the special provisions of the bank's charter, and because he had assigned his interest in the fund in the hands of the assignee for the benefit of creditors which he had acquired by the agreement mentioned for the purchase of depositors' claims against the bank. It was held that the statute of limitations relieved the witness from liability as a stockholder, and that the assignment of his interest was not colorable, but that it did not carry the whole interest, as he was still liable on his agreement to pay the depositors in full, and on the note given for the money borrowed for the purchase of claims. In view of the recent decision in Darragh v. Stevenson, 183 Pa. 397, which was not brought to the attention of the court, a different conclusion might have been reached as to the effect of the assignment, even if it had carried the whole interest. It was made a few days before the second trial, and evidently not in that good faith which the statute requires, but for the sole purpose of enabling the witness to sustain the action by his testimony. The decision, however, is based upon reasons which fully sustain it. The agreement to pay the depositors in full was binding. Admittedly they had not been paid in full, and the court with the witness before it found that the directors had not been released. Whatever the assignee for the benefit of creditors might recover in this action would go in direct relief of the pecuniary obligation of the witness.

The judgment is affirmed.