# Commonwealth, to use, *v.* Carey, Appellant.

*Appeals—Bonds—Principal and surety—Partnership.*

The term "to prosecute an appeal with effect," in an appeal bond means to prosecute the appeal with success.

Where three persons are sued as partners, and judgment is entered in favor of the plaintiff, and a bond is entered on appeal so that the appeal shall act as a supersedeas, and the bond is signed in the partnership name by one of the partners and by the surety, the surety cannot, after the judgment has been affirmed, claim that he was not liable on the bond, because all of the partners did not sign it.

Argued Oct. 31, 1916. Appeal, No. 110, Oct. T., 1916, by defendant, from order of the Municipal Court of Philadelphia Co., Feb. T., 1914, No. 57, refusing to stay execution in case of Commonwealth, to use of Lazar Jacobsohn, v. Frank A. Carey, et al., trading as Frank A. Carey & Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on appeal.

The bond was in the following form : Lazar Jacobsohn v. Frank A. Carey, Joseph F. Newman and Joseph G. Carey, Copartners, trading as Frank A. Carey & Co.

Municipal Court, February Term, 1914. No. 57.

Frank A. Carey, Joseph F. Newman and Joseph G. Carey, Copartners Trading as Frank A. Carey & Co., having appealed from the order, judgment or decree of the Municipal Court of Philadelphia entered March 7, 1914, to the Superior Court, comes into Court with Patrick J. Courtenay, their surety, and they acknowledge themselves bound and indebted to the Commonwealth of Penna. for the use of Lazar Jacobsohn in the sum of $885.72, to be levied of their property, real and personal, to be paid obligee, his certain attorney or assigns, upon this condition, that if the said appellants shall prosecute

the appeal with effect and shall pay the amount finally
adjudged to be due upon said order, judgment or decree,
including interest and costs, and shall pay all costs and
damages awarded by the appellate court, or legally
charged against said appellants, and shall pay all dam-
ages for injuries suffered by appellees from the time of
the decree entered and all, mesne profits accruing after
judgment, if any, then the above obligation to be void or
else to remain in full force and virtue.

Sealed and delivered 23d day of March, 1914, in pres-
ence of Albert L. Moise.

(Sign.) FRANK A. CAREY & CO.,

by Frank A. Carey (Seal.)

(Sign.) PATRICK J. COURTENAY. (Seal.)

The facts are stated in the opinion of the Superior
Court.

*Error assigned* was in discharging the rule to stay the
execution.

*R. H. Locke,* for appellant.—Courtenay was justified
in signing the bond as surety with the understanding he
could recover from Newman, according to the terms of
the bond and Newman not having signed the bond or
judgment had against him, the bond was void as to
Courtenay: Monohan v. Lloy, 2 Kulp 140; Dores v. Mc-
Ginnis, 3 Lanc. Bar. No. 21; McCartney v. Kipp, 171
Pa. 644.

*Thomas O. Peirce,* for appellee.—A stipulation in a
bail bond to prosecute with effect means to prosecute
with success: Com., to use, v. Lenhart, 233 Pa. 526.

Even though the bond were defective, appellant can-
not take advantage of such defect: Mechling v. Mer-
chants' Bank, 3 Walker (Pa.) 466; Geiselman v. Shomo,
13 Pa. Superior Ct. 1; Allen v. Kellam, 94 Pa. 253;
Stephens v. Addis, 19 Pa. Superior Ct. 185.

362 COMMONWEALTH, to use, *v.* CAREY, Appellant.

OPINION BY KEPHART, J., December 18, 1916:

A consideration of this appeal on its merits shows that the appellant is not entitled to à reversal of any judgment or decree entered in the court below. The bond was given to prosecute an appeal to this court with effect. That means, it was to be prosecuted with success: Commonwealth, to use, v. Lenhart, 233 Pa. 526. It is asserted that the bond contained a recital that the original judgment on which the appeal acted as a supersedeas was entered against each of the defendants, when in fact, such was not the case. The judgment was entered against Frank A. Carey, Joseph F. Newman, and Joseph G. Carey, copartners, trading as Frank A. Carey & Company. Newman, the defendant, who it is claimed was not involved in the original judgment presented his petition to the court below wherein he recited all the facts upon which he based his disclaimer of any connection with the partnership and asked that the original judgment be opened and that he be permitted to make a defense. The rule granted on this petition was discharged. No appeal was taken from this order. If the question as to Newman's being a party to the original judgment were material to the proceeding before us on the bond this order on appeal might be an adjudication of the fact. The bond, however, was signed by one of the copartners with the partnership name and by this appellant as surety for the purpose of causing the appeal to act as a supersedeas, and, as affecting the surety, it was not necessary that it should be signed by all the partners. Its purpose was to arrest the proceedings in the court below and was tendered as security in consideration of the delay and risk to which the plaintiff might be subjected. There is no reversible error apparent on the face of this record nor in the action of the court below.

The judgment is affirmed.