## Dayton's Estate.

*Promissory note—Indemnity—Oil lease—Evidence—Error—Harm-less error—Mutual accounts—Interest.*

A decedent in his lifetime, gave a note to his brother in the sum of $1,000, covering, among other things, the loss which might ensue to the payee, by reason of his investment in an oil lease.

In a hearing to determine the amount of the loss, there was evidence that the amount received by the payee from oil sold through a pipeline company, according to the statement of the company, was 283.35. At the hearing, this amount was treated as dollars. Later, when the case came up for argument, this was discovered to be the sum representing barrels of oil and not the price of the same. The judge of the lower court went outside of the testimony and record, and fixed the price of the oil from figures he had obtained from the transit company.

*Held:* That the calculation though irregular, was not cause for reversal, it appearing that appellant did not ask for a rehearing and that he suffered no real injury.

In such case interest was properly allowed from the date the accounts between the parties were ascertained.

Argued April 11, 1927. Appeal No. 147, April T., 1927, by H. M. Hufnagel, from decree of Orphans' Court, Clarion County, May T., 1925, No. 22, in the matter of the second and final account of H. M. Hufnagel, surviving executor of the Last Will and Testament of W. E. Dayton, Deceased. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Hearing to determine the amount of loss sustained by the payee of a note. Before HARVEY, P. J.

The facts are stated in the opinion of the Superior Court.

The Court made certain findings in favor of the plaintiff. H. M. Hufnagle appealed.

*Error assigned,* among others, was the finding of the Court.

*W. J. Geary,* for appellant.

*George F. Whitmer,* and with him *Corbett and Rugh,* for appellee.

OPINION BY TREXLER, J., July 8, 1927:

This matter was before this court in Dayton's Estate, 88 Pa. Superior Ct. 280, where we held that a certain note given by W. E. Dayton to his brother, John R. Dayton, was a valid obligation founded upon sufficient consideration and that it covered among other things, the loss which might ensue to the payee by reason of his investments in a certain oil lease. The matter was sent back to the lower court to ascertain what the amount of the loss was.

When a hearing was had for that purpose, there was evidence submitted to show the investment that the payee of the note had in the lease, the amount he received when the lease was sold, the amount he received for the oil sold to one refinery and presumably the amount he received on oil sold through a pipe line company. In the statement of the pipe line company, the total of various items is 283.35, which it is admitted now was for barrels of oil and not the price of the same. At the hearing, however, this amount was treated as dollars and when the sworn statement of the National Transit Company was offered in evidence, it was stated that the paper was offered to show that the sales of the oil amounted to $283.35. The objection made to it was not that this was not the sum received, but that the statement was not properly proven and

this objection was not persisted in, nor is it the subject of an assignment of error.

Later on a witness testified as follows: "I show you the statement of the National Transit Company—Can you tell us whether the figures there represent dollars? A. I was looking that over and I take it—(interrupted) By Mr. W. J. Geary: Objected to as incompetent for him to say what those figures represent. By the Court: If he knows, he can answer. A. (continued) I have sold quite a bit of oil to these people right here, not from this lease, but from several other leases, and I take it for granted that that's dollars, the same as on the statements I received many a time from them, I would call that dollars. Q. That is the kind of statements they send out indicating the amount of money? A. Yes." (and more to the same effect).

According to the statement of the counsel for appellee, the mistake was not discovered until the case came up for argument before the court below, when the judge informed the attorneys on both sides of the mistake and stated that the figures 283.35 represented barrels and not dollars and that he had obtained prices for oil on the dates set forth in the statement of the transit company and at that time no objection was made. This is not part of the record, but finds some confirmation in the fact that the judge of the court below in his opinion disposing of the matter, states that he had ascertained the prices of the oil from the transit company.

This, of course, was irregular, but we do not think requires reversal. This is the second time this matter has been before us and it is desirable, unless there is subtantial error, that the matter shall be ended. As the record of the trial does not disclose an error in regard to this matter and the mistake as to the figures being mutual, (for there was no specific objection made to the particular item which is now the subject of dis-

cussion) we are inclined to accept the record as presented. The court could have regarded the figures, 283.35, as dollars. When the mistake was discovered, after the audit had been had, the appellant should have asked for a rehearing. The calculation of the lower court allows a greater sum for credit on the claim than which should have been given upon the record. The appellant, therefore, is not hurt, and there being no real injury done to him, there is no reason why there should be a reversal. Indian v. D. L. & W. R. R., 262 Pa. 117.

The one other matter involved is the calculation of interest. The court very properly took the position that the interest was not demandable as long as there were mutual accounts between the parties which were unascertained, but when the affairs of the company were liquidated and the distribution of the pro rata share made, the balance due was readily ascertainable and from that date interest was allowed. We think the court was right in holding that non-payment of the loss at the time when that loss was definitely settled, entitled the plaintiff to interest and that the allowance of it from that date was correct.

All the assignments of error are overruled and the order is affirmed, the appellant to pay the costs.