Aquetong Hall Assn. *v.* James, Appellant.

Argued November 18, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*John L. DuBois,* for appellant.

*Webster Grim,* and with him *Harry E. Grim* of *Grim & Grim,* for appellee.

OPINION BY KELLER, J., January 30, 1931:

This is a claim for rent against a decedent's estate. The plaintiff is a corporation of the first class, not for profit, which owns a building, part of which is occupied as a lodge hall by the Aquetong Lodge of Odd Fellows. It has no stockholders, but its membership is composed of members of the lodge.

It was admitted that the plaintiff by written lease, dated March 7, 1923, had rented an office in said building to the decedent for the term of one year beginning April 1, 1923, at the rental of $180 per year, payable in monthly instalments of $15 a month in advance; that the lease contained a provision that a lawful continuance beyond the term should be deemed a renewal for a further term of one year, and every further lawful continuance a further renewal for a like term; and that the lessee had occupied the premises until his death on December 22, 1927.

The sole assignment of error on this appeal is directed to the competency of Walter M. Carwithen, a trustee and treasurer of the plaintiff association, to testify as a witness for it against the estate of its deceased tenant.

The Act of May 23, 1887, P. L. 158, section 5 (e), provides, inter alia, that where any party to a thing or contract in action is dead and his right thereto or

therein has passed to a party on the record, who represents his interest in the subject in the controversy, no surviving or remaining party to such thing or contract nor any person whose interest shall be adverse to the right of such deceased, shall be a competent witness to any matter occurring before the death of said party. The inquiry is whether Mr. Carwithen was a person whose interest was adverse to the right of the deceased tenant. It is true he was not a stockholder of the plaintiff association, because it had no stockholders, but he was a member, a trustee and its treasurer, and following the recent decision of the Supreme Court in Crozer's Est., 296 Pa. 48, which held that the director and secretary of a charitable corporation, a corporation of the first class, not for profit and without stockholders, was not a 'disinterested witness' within the meaning of the Act of April 26, 1855, P. L. 332, relating to devises, bequests and conveyances to corporations for religious or charitable uses, we would be inclined to hold that he was not a competent witness against the decedent's estate as to any matter occurring in the latter's lifetime. See also, Gunster v. Jessup, 196 Pa. 548; Hamill v. Supreme Council, 152 Pa. 537, 542; Foster v. Collner, 107 Pa. 305, 307, 312. But, even if wrongly admitted on the record before us we deem the admission of his evidence harmless error: Indian v. D. L. & W. R. R. Co., 262 Pa. 117; Dayton's Est., 90 Pa. Superior Ct. 463, 465. Without his testimony a prima facie case was made out against the defendant on which the jury might have found a verdict against her for four years and nine months rent, $855, less $60 credit. Exhibit ''B'' annexed to the plaintiff's statement, which purported to be a copy of the plaintiff's rent book was received in evidence without objection, and it showed credits which were declarations against interest, reducing the amount due by the tenant to $240. The testimony of

Mr. Carwithen was only in explanation and substantiation of these credits, and in the state of the record before us, did the appellant no harm. The letter of the decedent to Mr. Carwithen, dated October 4, 1927, enclosing $60 on account of rent and stating that he would try to get settled up before long, which was admitted on page 15-a and, without rescinding the prior action, rejected on page 17-a, was clearly admissible; that it was written to and received by him as an officer of the association did not affect its admissibility when produced by the plaintiff. It corroborated the plaintiff's credit account and it recognized that after the payment enclosed the writer was still indebted for rent.

We do not think that the Act of March 30, 1911, P. L. 35, nor the case of Manor National Bank v. Lowry, 242 Pa. 559, construing it, are involved, for they only relate to the right of a party, in the course of a trial, to call a director or officer of his corporation opponent as a witness, and compel him to testify as if under cross-examination. They do not rule that such corporate officer or director is a party whose interest is adverse to the other party to the action, but only that such opponent may interrogate him as if under cross-examination and may rebut his evidence with respect to matters not collateral to the issue being tried. Nor do we think that Bates v. Carter Construction Co., 255 Pa. 200 and Naugle's Est., 83 Pa. Superior Ct. 41, throw any light on the matter. It does not follow because James, the tenant, if he were alive, would be a competent witness in an action against the Aquetong Hall Association relative to this lease, even though Mr. Carwithen were dead, that the latter is a competent witness for the association in the suit against James' Estate.

The judgment is affirmed.