## Whitehouse's Estate

*Martin F. Duffy* and *Edgar Downey*, for accountant.
*Charles E. Berger*, for claimant.

GANGLOFF, P. J., September 12, 1932.—From the evidence submitted and the record in the matter, we find as follows:

1. C. A. Whitehouse, at the time of his death an associate judge of the Court of Common Pleas of Schuylkill County, died on April 11, 1928, having first made his last will and testament, which was duly probated in the office of the Register of Wills of Schuylkill County on April 19, 1928. Letters testamentary were granted thereon on the same day to the accountant, widow of the decedent.

2. The decedent in his said last will and testament gave his entire estate, real, personal and mixed, to his wife, Bertha W. Whitehouse, the accountant.

3. No issue was born after the date of the will, and the transfer inheritance tax has been duly paid and credit taken therefor in the account.

4. The account shows a balance of principal of personal property amounting to $28,037.40, against which there are two claims presented by the Union Bank & Trust Co., of Pottsville, Penna. The first of these claims is upon a

note given by Robert Naugalis, dated December 20, 1927, endorsed by Judge Whitehouse in the sum of $50 with interest from December 20,1927. The obligation of the decedent on this note is not disputed, and the claim is therefore allowed in the sum of $50 with interest from December 20, 1927.

5. The other claim is based upon a note, dated March 18, 1922, given by Chas. A. Snyder, as maker, to Union Safe Deposit Bank (now Union Bank & Trust Co., the claimant), payable on demand for the sum of $1,800 with interest from date. The face of the note was reduced through partial payments made by the maker on and before June 21, 1923, to $1,100. The following endorsement appears on the back of this note:

"I hereby guarantee the payment of the within note. Waiving notice of protest and demand of payment. C. A. Whitehouse." The claim is for the balance due on the note, namely, $1,100 with interest.

The first objection of accountant to this claim is that insofar as the endorser is concerned, the claim against him was barred at the time of his death by the statute of limitations. As to this question, it is quite evident that the note is a demand note and that therefore, the statute began to run from the date of the note: Boustead, Exec'r, v. Cuyler, Admin'x, 116 Pa. 551, 555; Homewood Peoples Bank v. Hastings, 263 Pa. 260, 265. Also, in view of the fact that the maker made certain partial payments on this note prior to the date of the death of the endorser and within the period of limitations fixed by the statute, it becomes important to know whether or not Judge Whitehouse's endorsement upon this note was a contract of guaranty or one of suretyship. However, there is not much difficulty in answering this question. Practically the same language was construed by the Supreme Court in Homewood Peoples Bank v. Hastings, supra. The court there held that the contract was one of suretyship. This decision governs our case, and, therefore, the statute was not tolled, insofar as this endorser is concerned, by these partial payments.

In an endeavor to toll the statute of limitations, claimant was permitted, under objection as to competency, to present the testimony of two of its directors and stockholders, and after the testimony was completed counsel for the estate moved to strike it out. The motion to strike out was overruled. An exception was granted both on the objection to the competency of these two witnesses and on the motion to strike out. The testimony thus presented consists of certain remarks made by Judge Whitehouse, the surety on the note, shortly before his death, at a meeting of the board of directors of claimant bank, to a fellow director who sat next to him at this meeting (this latter director being one of the witnesses called and heard), and certain remarks made shortly after this same meeting to another director (the other witness called and heard). These remarks had to do with the liability of Judge Whitehouse on the note in question. The note appears to have been discussed at the meeting just referred to, but apparently the minutes of the board contain nothing in reference thereto (at least no testimony from that source was offered) and besides none of the officers nor any of the other directors present at this meeting were called as witnesses, although the testimony shows that the entire membership of the board was then present. The sole question then is whether or not these two directors and stockholders of the claimant bank are competent to testify as to these conversations had with Judge Whitehouse, now deceased, with reference to the latter's liability on the note.

Claimant contends that the testimony of these two of its directors and stockholders proves that Judge Whitehouse shortly before his death acknowledged his liability on the note and made a promise of payment sufficient to toll the statuate. There are therefore two questions before us: First, are these two wit-

nesses competent to testify in this matter; second, if so, is their testimony, in effect, sufficient to toll the statute? If the answer to the first question is in the negative, the second need not be considered.

At common law, as is well known, the stockholder, on account of his interest in the corporation, was not a competent witness for the corporation in a suit in which the corporation was a party: Cook on Corporations (8th ed.), sec. 11.

The first important statute declaratory of the law covering the competency of witnesses appears to be the Act of April 15, 1869, P. L. 30, which provides inter alia:

"That no interest nor policy of law shall exclude a party or person from being a witness in any civil proceeding: *Provide*d, . . . this act shall not apply to actions by or against executors, administrators or guardians, nor where the assignor of the thing or contract in action may be dead."

Foster v. Collner et al., 107 Pa. 305, involved among other things an interpretation of the above Act of 1869. This was a case in assumpsit by J. R. Foster, cashier, in trust for New Bethlehem Savings Bank, against W. F. Collner and Theodore S. Wilson, on a promissory note of which Henry Weller was maker and the defendants were payees and endorsers. Henry Weller died before trial. Plaintiff called Manasseh Arnold, a stockholder in the bank, to prove the signature of W. F. Collner on the back of the note. Objection was made to the competency of this witness and the lower court sustained the objection on the ground that he, as a stockholder in plaintiff corporation, was incompetent to testify to anything which occurred during the lifetime of Henry Weller. Upon an appeal to the Supreme Court, the lower court was affirmed. In explaining the principle involved, the Supreme Court said (quoting Karns et al. v. Tanner, 66 Pa. 297):

"Where one of two parties to a transaction is dead, the survivor and the party representing the deceased party, stand on an unequal footing as to a knowledge of the transaction occurring in the lifetime of the deceased. The enacting clause (Act of 1869), had opened the lips of all parties, but when death came it closed the lips of one and evenhanded justice required the mouths of both to be sealed."

The legislature apparently again found it necessary or advisable to clarify and perhaps liberalize the law as to testimony and the competency of witnesses. We have, then, the Act of May 23, 1887, P. L. 158, section 5(e) whereof provides:

"Nor, where any party to a thing or contract in action is dead . . . and his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record, who represents his interest in the subject in controversy, shall any surviving or remaining party to such thing or contract, or any other person whose interest shall be adverse to the said right of such deceased . . . party, be a competent witness to any matter occurring before the death of said party . . ."

It is quite evident that the claimant bank is the surviving party to the present action and that Judge Whitehouse is the other party, that he is deceased and that by act of the law his interests in the subject in controversy are now represented on the record by the executrix of his estate. The Act of 1887, insofar as its provisions apply to the circumstances here prevailing, plainly marks the surviving party to the contract as incompetent to testify to any matter occurring in relation thereto before the other party's death. However, the surviving party is a corporation and the question is whether a stockholder therein is a person whose interest is adverse to the right of the deceased party.

Two classes of witnesses are disqualified under clause (e) of the Act of 1887: (1) surviving or remaining parties to a thing or contract; (2) any other per-

son whose interest shall be adverse to the right of a deceased party. The adverse interest existing at the time a witness is called to testify is the test of his competency. It is the adverse interest of the witness, and not his adverse testimony, that disqualifies him: First Nat. Bank of Bloomsburg v. Gerli, 225 Pa. 256. It must be an interest that the judgment in the case would operate upon; for if by the event he would neither acquire nor lose a right, nor incur a responsibility which the law recognizes, he is competent: Dickson et ux. v. McGraw Bros., 151 Pa. 98.

The Union Safe Deposit Bank, claimant in this case, is chartered as a banking institution under the laws of Pennsylvania. Its stockholders have certain statutory liabilities which, it seems to us, places them in the category of those having a vested interest in the event of this suit, and having such vested interest they are not competent as witnesses in this case concerning conversations had with the deceased party to the contract in his lifetime. This conclusion is supported by a number of decisions in this State.

In an action by the assignee for the benefit of creditors of the Scranton City Bank on a bond conditioned for the faithful performance of the duties of its vice president, against the respective estates of the principal and two of the sureties, all of whom had died before trial, a stockholder in the bank at the time the assignment was made was recognized to be incompetent to testify to matters which occurred during the lives of the deceased parties: Gunster v. Jessup, 196 Pa. 548.

In a claim for rent by a corporation of first class against its deceased tenant's estate, a trustee, treasurer and member of the corporation plaintiff is not a "disinterested witness" and, therefore, is not competent to testify as to matters occurring in the tenant's lifetime: Aquetong Hall Ass'n v. James, 100 Pa. Superior Ct. 440, citing Crozer's Estate, 296 Pa. 48.

The fact that a stockholder has a vested interest in the event of a suit such as we are considering here, in which the corporation is a party, is recognized in Isenberg v. Huntingdon Millwork & Lumber Co., 62 Pa. Superior Ct. 491, 496, although in that case the incompetency of the stockholder was removed by the sale of his stock before he was called as a witness.

In Fritz's Estate, 17 Berks Co. L. J. 223 (1925), the same question arose as we have here, and the court held that "a stockholder of a corporation which had contracted with a decedent during his lifetime is not competent as a witness on behalf of the corporation in proving a claim against such decedent's executor for breach of contract", citing Foster v. Collner et al., supra; Arrott Steam-Power Mills Co. v. Way Mfg. Co., 143 Pa. 435; Hamill v. Supreme Council of the Royal Arcanum, 152 Pa. 537; Gunster v. Jessup, supra; Isenberg v. Huntingdon Millwork & Lumber Co., supra.

In Keystone Mercantile Co. v. Kuntz, Admin'x, 20 Dist. R. 985, the court held that "under section 5, clause (e), of the Act of May 23, 1887, P. L. 158, a stockholder of a corporation has such an interest as to disqualify him as a witness where his company is a party to the record and the other party to the thing or contract in action is dead." To the same effect is Greensburg B. & L. Ass'n v. Bates, 19 Dist. R. 224.

Counsel for claimant, in support of the contention that the two stockholders are competent witnesses, cite Bates v. Carter Construction Co., 255 Pa. 200, 204, 205, and Naugle's Estate (No. 1), 83 Pa. Superior Ct. 41, 45, 46, as controlling in this case. However, we think these two cases can be distinguished from those cited above.

Bates v. Carter was an action on a contract brought by Bates against Carter Construction Company. Prior to the suit Bates assigned his claim to First

National Bank of Connellsville to secure an indebtedness to the bank, and suit was brought to the use of both Bates and the bank. In taking an appeal to the Supreme Court, one of the assignments of error was a complaint that Bates, the plaintiff, was permitted to give certain conversations between himself and Mr. Carter, formerly an officer and stockholder in the corporation and who died before the trial. The Supreme Court held that Bates was competent and in this connection the court said:

"But in this case, Mr. Carter, the deceased, was not a party to the contract, nor can the fact that he was a stockholder in defendant corporation, be regarded as rendering the interest of the witness Bates adverse to him. To hold otherwise, would be to render parties to suits against corporations incompetent to testify as to any matter in connection with a stockholder who may have died after the cause of action has arisen. It could not have been the legislative intent to carry the prohibition so far. It was the individual, personal, adverse interest which was to work a disqualification. In the present case it was the interest of the corporation defendant which was adverse to the witness, and the corporation is living."

We think the above-quoted statement of the court shows the distinction between our case and Bates v. Carter Construction Company. In the latter case both parties to the action were living; in our case one of the parties is dead, thus bringing our case squarely within the provisions of the Act of 1887. The distinction is clearly pointed out by the Superior Court in Aquetong Hall Ass'n v. James, supra. This was a suit on a lease given by plaintiff, a corporation of the first class, to defendant in his lifetime. He died before trial and his administratrix became defendant. Mr. Carwithen, a member of the corporation, called as a witness for plaintiff to testify as to matters occurring before the death of James, was held incompetent for the purpose, because, in the language of the court, "it is true he was not a stockholder of the plaintiff association, because it had no stockholders, but he was a member, a trustee and its treasurer . . ." And in making the distinction above referred to the court said:

"It does not follow because James, the tenant, if he were alive, would be a competent witness in an action against the Aquetong Hall Association relative to this lease, even though Mr. Carwithen were dead, that the latter is a competent witness for the association in the suit against James' Estate."

As to Naugle's Estate (No. 1), supra, also cited by counsel for claimant, it is sufficient to point out that the only interest witness had in that case was a right to commissions as executor, and section 4 of the Act of 1887 specifically makes such a witness competent. There was no individual, personal, adverse interest in the matter in controversy as contemplated by the fifth section of the Act of 1887.

Our research into the question as to the competency of a stockholder to testify in favor of his corporation in a matter such as we have here discloses that eminent jurists and lawyers have from time to time voiced strong opposition to the rule that such stockholder is incompetent to testify when the other party to the thing or contract is deceased, but on the other hand we have found equally eminent jurists and lawyers who uphold the rule. Hardships may result, it is true. Nevertheless, it is equally true that we must be guided and controlled by the law applicable to our situation as interpreted by our courts. We believe, the rule in Pennsylvania is plainly stated in the cases herein referred to and we, therefore, conclude that:

(a) The note upon which the claim in this case is laid is a demand note, and the statute of limitations ran from its date.

(b) The endorsement thereon by C. A. Whitehouse is a contract of suretyship, and the partial payments made by the maker did not toll the statute as to the endorser.

(c) The two stockholders called as witnesses in behalf of claimant corporation were incompetent to testify as to matters occurring in the lifetime of C. A. Whitehouse, the other party to the contract, now deceased.

(d) The claim in this case, in the absence of competent testimony to toll the statute of limitations, was barred by the statute at the time of death of C. A. Whitehouse.

(e) The statute of limitations has not been tolled by competent testimony.

The claim is not allowed.

The balance for distribution remaining after deducting the amount due on the Naugalis note is awarded, as directed in the aforesaid will of the testator, to Bertha W. Whitehouse, his widow.

And now, September 12, 1932, the court having examined and audited said account, the same is confirmed absolutely.

From M. M. Burke, Shenandoah, Pa.