## Field's Estate

470

*John R. K. Scott, William T. Connor,* and *Hardie Scott,* for exceptants.

*S. Lloyd Moore,* of *Moore, Gossling & Panfil,* contra.

SINKLER, J., January 6, 1939.—The auditing judge has correctly held that the evidence is insufficient to establish a contract between decedent and the hospital and that the $2,000 paid by decedent to the institution during her lifetime is to be deducted from the legacy given to the hospital.

Objection was made by counsel for the accountants to the competency as a witness of the salaried secretary of the hospital, and a member of its board of managers. The auditing judge relates that the witness testified subject to objection, but does not explicitly decide the question of his competency. In Deal's Estate, 321 Pa. 484, an adjudication of the writer of this opinion held that the president of a college which claimed under a contract with decedent was competent. Whether he received a salary or not does not appear. The court in banc sustained an exception to this ruling and held that he was

incompetent, citing Aquetong Hall Assn. v. James, 100 Pa. Superior Ct. 440. The treasurer of a corporation of the first class, which owned a building, was held not competent to testify against decedent's estate as to matters occurring in the lifetime of decedent. Whether he served with or without pay does not appear. A distinction may be made between different types of corporations belonging to the first class and the circumstances of each particular case. The president of a board of managers of a hospital who serves without salary might be considered in a different category from the salaried officer of an institution of another character, though likewise classed as a corporation not for profit. The question need not be presently determined because, while the institution of which the witness is an officer has a claim against this decedent's estate, he was not called by the institution but by annuitants who were also claimants. He was a competent witness.

The exceptions are dismissed and the adjudication is confirmed absolutely.