## Hiller v. Davis et al.

*Emmett C. Wilson,* for plaintiff.

*English, Quinn, Leemhuis & Tayntor,* for defendants.

EVANS, J., November 23, 1942.—This matter is before the court on a motion to strike off an appeal from a judgment entered in favor of plaintiff, for the following reasons: (1) That two of the three defendants did not sign the appeal bond; (2) that the business entity known as Meadowbrook Dairy did not sign the appeal

bond; (3) that no appeal has been taken by LeRoy McGarvey and Lloyd McGarvey, two of the defendants; and (4) that the appeal bond was signed solely by Richard A. Davis, one of the defendants, and by the American Employers' Insurance Company.

The justice's transcript shows the following:

"Leroy McGarvey and Loyd McGarvey the defendant above named, being duly sworn (affirmed) says that the appeal taken in above case is not for the purpose of delay, but because he verily believes that injustice has been done, and that if the proceedings appealed from are not removed, he will be required to pay more than is justly due.

RICHARD A. DAVIS (Seal).

"Sworn (affirmed) and subscribed to before me this 24th day of April, 1942. Joseph Kiliszewski. My commission expires January 1946.

"We Leroy McGarvey & Lloyd McGarvey and Richard Davis, Lawrence Park, Erie, Pa., and American Employers Ins. Co. of Erie, Pa., acknowledge ourselves bound as bail absolute to Gerald O. Hiller, plaintiff in the above case, in the sum of $465.00 for the payment of all costs that have accrued or that may accrue up to the final determination thereof, as well as the debt and interest, and that the defendant will prosecute his appeal with effect.

AMERICAN EMPLOYERS INS. CO.
PAUL O'BRIEN, Atty. in fact (Seal)
RICHARD A. DAVIS (Seal)"

Irregularities are apparent but they were in a large measure due to errors made by the justice. There was a bona fide attempt to perfect an appeal.

"The law favors the right of appeal. It involves the right of trial by jury. Where an appeal has been taken in good faith, and within the time prescribed by law, it is usual to allow a defect to be amended": Wingard v. Bobal, 45 D. & C. 130, 133.

A similar conclusion was reached in Devereaux v. Cannon, 13 Northum. 317, in which the facts are almost identical with the case at bar.

Here Richard Davis, one of the defendants, did execute an affidavit that the appeal was not taken for the purpose of delay and he, with a surety company qualified to do business in this county, executed a bond. Whether Richard Davis intended to act for himself and as agent for the other defendants, which is permissible under the law, we do not know, but the same formality and precision is not generally demanded in proceedings before a justice that is required in the court of common pleas; Lentz v. Kittanning Real Estate Co., 72 Pa. Superior Ct. 513. Bonner et al. v. Campbell et al., 48 Pa. 286, at page 289, may be authority for the proposition that one of several defendants can take an appeal on behalf of all without express authority. In any case, plaintiff is secure in his rights under the bond, as against Richard Davis and the surety company, even though the other partners did not sign: Commonwealth, to use, v. Carey, 65 Pa. Superior Ct. 360. However, in order that there may be no irregularities which might be available insofar as Lloyd McGarvey and LeRoy McGarvey are concerned, in case of an adverse outcome, we feel that the record of this appeal should be perfected by amendment in which all of the irregularities complained of can be cured.

And now, to wit, November 23, 1942, leave is granted defendants to perfect their appeal and file a bond with one or more sufficient sureties in the sum of $465 within 15 days from this date, in default of which the rule to strike off the appeal will be made absolute; otherwise discharged.